Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/18/2020 08:25 AM CST

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Nancy G. Waldron, respondent.
___ N.W.2d ___

Filed September 25, 2020.    No. S-20-556.

Original action. Judgment of disbarment.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Per Curiam.

## INTRODUCTION

This case is before the court on the voluntary surrender of license filed by the respondent, Nancy G. Waldron, on August 10, 2020. The court accepts the respondent's voluntary surrender of her license and enters a judgment of disbarment.

## STATEMENT OF FACTS

The respondent was admitted to the practice of law in the State of Nebraska on September 12, 1984. On August 10, 2020, the respondent filed a voluntary surrender of her license to practice law, in which she stated that on July 31, 2018, she was charged in the county court for Fillmore County, Nebraska, with a Class IIA felony count of theft by unlawful taking in violation of Neb. Rev. Stat. § 28-511 (Reissue 2016). See Neb. Rev. Stat. § 28-518(1) (Reissue 2016). The respondent ultimately was convicted and sentenced by the district court to a 5-year term of probation and ordered to pay restitution of $56,913. The respondent stated that she freely

and voluntarily surrenders her privilege to practice law in the State of Nebraska; waives her right to notice, appearance, or hearing prior to the entry of an order of disbarment; and consents to the entry of an immediate order of disbarment.

## ANALYSIS

Neb. Ct. R. § 3-315 of the disciplinary rules provides in pertinent part:

(A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.

(1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.

Pursuant to § 3-315 of the disciplinary rules, we find that the respondent has voluntarily surrendered her license to practice law and, for purposes of her license to practice law, knowingly does not challenge or contest the fact of her conviction referenced above. Further, the respondent has waived all proceedings against her in connection with the disciplinary proceeding. We further find that the respondent has consented to the entry of an order of disbarment.

## CONCLUSION

Upon due consideration, the court accepts the respondent's voluntary surrender of her license to practice law, finds that the respondent should be disbarred, and hereby orders her disbarred from the practice of law in the State of Nebraska, effective immediately. The respondent shall forthwith comply with all terms of Neb. Ct. R. § 3-316 (rev. 2014) of the disciplinary rules, and upon failure to do so, she shall be subject to punishment for contempt of this court. Accordingly, the respondent is directed to pay costs and expenses in accordance

- 345 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
307 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. WALDRON
Cite as 307 Neb. 343

with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) (rev. 2019) and 3-323(B) of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF DISBARMENT.